WIGGINTON, Judge.
Plaintiff wife seeks review of a post-decretal order which withdraws from her the custody of a minor child of the parties previously granted by the final decree of divorce, and transfers that custody to defendant husband. It is contended that the order is not supported by competent evidence showing such a change in condition as to warrant depriving appellant of the child’s custody and therefore constitutes an abuse of discretion and a departure from settled principles of law.
In the final judgment of divorce rendered in this cause on June 23, 1969, the trial court recognized and effectuated a stipulation entered into between the parties regarding the custody of their minor child. The stipulation recited that although plaintiff had been under the care of a psychiatrist due to a mental disorder, she nevertheless was competent to care for herself and the child whose custody she was granted. The court accepted this stipulation at face value without requiring an adversary contest on the issue.
On July 22, 1970, defendant husband filed in the cause a petition seeking modification of the custody provisions of the final judgment, alleging that because of a change in the mental condition of plaintiff wife the best interest of the child would be served by having its custody granted to him. The petition was resisted by the wife who denied that any change had occurred in her condition or that the best interest of the child required that its custody be withdrawn from her and transferrred to the husband. In resolving this controversy, the trial court recognized that the primary issue concerned the fitness of the mother to care for the child as well as the child’s future best interest.
After hearing the testimony and evidence adduced by the parties, the trial court found that appellant’s physical and mental condition had materially changed since the date of the initial custody order *175 in that she is now suffering from a manic depressive illness which manifested itself in several episodes, each of which was serious enough to have possibly resulted in serious injury or damage to herself or the child. Based upon these findings, and the probability of a recurrence of such episodes at unpredictable albeit infrequent intervals, the trial court held that the best interest of the child would be served by transferring its custody to appellee father with reasonable visitation privileges accorded the mother. It is with such findings that appellant takes issue on this appeal.
We have carefully considered the contentions of the parties but find in the record sufficient competent and substantial evidence to support the trial court’s findings and conclusions. Appellant having failed to demonstrate error, we are not at liberty to substitute our judgment for that of the trial judge or to disturb the questioned order.[1] It is never an easy task for a court to deprive a mother of the custody of her minor child, especially one of tender years. The painstaking approach which the trial court made to the problem presented by this litigation, and the compassionate manner in which it attempted to solve it in the best interest of the child, is clearly reflected in the order which accomplished that result.
The evidence indicates that proper treatment of appellant, coupled with the recuperative effects of time, will likely result in the restoration of her health and a return to physical and mental normalcy. Upon the happening of such a change in her condition, if and when it occurs, appellant will then be privileged to seek a return of the child’s custody. Until that contingency occurs, we are impelled to agree with the trial judge that both her best interest and that of the child will be served by the arrangement for custody and visitation privileges set forth in the order here reviewed.
The order appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. Smith v. Smith, (Fla.App.1968), 212 So.2d So.2d 638. 117; Hoffman v. Linley, (Fla.App.1967) 201